NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3317

KATHY P. WEBB,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Kathy P. Webb, of Pine Bluff, Arizona, pro se.

Joyce G. Friedman, Acting Associate General Counsel for Litigation, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was B. Chad Bungard, General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3317

KATHY P. WEBB,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752080159-I-1.

_____

DECIDED: January 13, 2009

_____

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Kathy P. Webb ("Webb") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Webb v. Dep't of Army, DA0752080159-I-1 (M.S.P.B. July 3, 2008) ("Final Decision"). We affirm.

BACKGROUND

Webb was employed as a Security Guard by the Department of the Army ("the agency") as a term employee at the Pine Bluff Arsenal in Arkansas. She received an initial one-year appointment in August 2003. On August 1, 2005, documents show that the agency extended Webb's most recent term appointment to a period not to exceed August 3, 2006. On July 12, 2006, the agency advised Webb that her term appointment

would not be extended and would therefore expire on August 3, 2006. The agency explained that it could not continue to employ her because she failed to meet a condition of employment, related to a medical condition.

On December 28, 2007, Webb appealed the agency's action to the Board. She argued that she was hired for a 4-year term and that she had been terminated after 3 years, before her appointment's expiration, due to a medical condition. The Administrative Judge ("AJ") dismissed Webb's appeal without holding a hearing. The AJ found that all of the submitted documents supported the agency's assertions that Webb's term employment was not for a 4-year term and had expired August 3, 2006. Webb v. Dep't of Army, DA0752080159-I-1, slip op. at 3 (M.S.P.B. Feb. 22, 2008) ("Initial Decision"). The AJ stated that though Webb had the right to appeal adverse actions to the Board, jurisdiction over the end of a term appointment was specifically excluded from such actions under 5 C.F.R. § 752.401(b)(11). Id. at 4. As Webb's termination was "not a removal during the term of her appointment, but rather a release at the predetermined end of the term," the AJ stated that it was not an adverse action within the Board's jurisdiction. Id. (emphasis in original).

The Initial Decision became the Final Decision of the Board when the Board denied Webb's petition for review. Final Decision, slip op. at 1-2. Webb then filed a timely petition for review by this court. We have jurisdiction over Webb's petition pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this Court reviews de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). The appellant has the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). An appellant is not entitled to a jurisdictional hearing absent non-frivolous allegations supporting jurisdiction. Garcia, 437 F.3d at 1325.

Though the Board has jurisdiction over adverse actions by the agency, 5 C.F.R. § 752.401(b)(11) specifically excludes from the definition of an adverse action a "[t]ermination of appointment on the expiration date specified as a basic condition of employment at the time the appointment was made." Here, the evidence presented to the Board to support jurisdiction uniformly showed that Webb's term appointment ended August 3, 2006. The Board was not required to hold the hearing Webb requested because she did not make a non-frivolous allegation of jurisdiction. Webb's statement that the documentary evidence was "fake," without supplying any evidence as to the falsity is not a non-frivolous allegation supporting jurisdiction. See Dorrall v. Dep't of Army, 301 F.3d 1375, 1380 (Fed. Cir. 2002), overruled in part on other grounds by Garcia, 437 F.3d at 1343. Thus, there is no basis for Webb's appeal. The Board correctly found that it lacks jurisdiction over her dismissal at the end of a term appointment, which was not an adverse action pursuant to 5 C.F.R. § 752.401(b)(11).

In addition, Webb argues that the Board's decision failed to consider her discrimination charges. The Board has no jurisdiction to consider discrimination when it is unaccompanied by an appealable adverse action over which the Board has jurisdiction. <u>Garcia</u>, 437 F.3d at 1342-43; <u>Cruz v. Dep't of Navy</u>, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc).

For the foregoing reasons, the decision of the Board is <u>affirmed</u>.

## COSTS

No costs.